UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBERT L WILSON, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:11-CV-3843 |
| § | |
| HARRIS COUNTY, § | |
| § | |
| Defendant. § | |

## OPINION AND ORDER

Pending before the Court is Defendant Harris County's Motion for Summary Judgment (Doc. 16) against all claims made by Plaintiff Robert Wilson ("Wilson"). Having considered the motion, the facts in the record, and the applicable law, the Court concludes that the motion should be granted.

### I.     Background

Plaintiff Wilson brings this action against Defendant Harris County, alleging that his employment as a Deputy Constable with Harris County's Precinct 7 was terminated because of his race (African-American) and his protected activity ("blowing the whistle on Defendant's racial profiling"). (Compl. ¶¶ 5-13, Doc. 1). Specifically, Wilson alleges that in October 2009, his immediate supervisor "instructed him and other officers to target any Black people driving, walking or riding a bicycle in the community." (Doc. 1 ¶ 7). After Wilson reported this to his superiors in the Constable's Office, he claims that his supervisor retaliated, first by denying his leave, even when it had already been approved, and ultimately by "creat[ing] a reason for [his] termination." (Doc. 1 ¶ 7). On August 13, 2010—ten months after he allegedly complained of racial profiling—Wilson received a termination letter, and, on August 27, he received notice that

he had been dishonorably discharged, despite his claim of an absence of previous disciplinary actions. (Doc. 1 ¶ 9).

## II.     Legal Standard

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute is genuine if the evidence presents an issue "that properly can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); thus, the court must not make determinations of credibility or weight and "must disregard all evidence favorable to the moving party that the jury is not required to believe," *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 896 (5th Cir. 2002) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)). A fact is material if it is determinative of an element essential to the outcome of the case, and such elements are defined according to the substantive law governing the claims. *Anderson*, 477 U.S. at 248. In this case, Plaintiff attempts to bring claims for discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and for deprivation of his constitutional rights under 42 U.S.C. § 1983.

## III.    Discussion

Wilson has failed to respond to the motion for summary judgment; therefore, pursuant to Local Rules 7.3 and 7.4, the motion is deemed unopposed.

### A.     *Discrimination and Retaliation*

To establish a prima facie case of discrimination, the plaintiff must show that (i) he is a member of a protected class; (ii) he was qualified for his position; (iii) he suffered an adverse

employment action; and (iv) others outside the protected class were treated more favorably. *Bouvier v. Northrup Grumman Ship Sys., Inc.*, 350 F. App'x 917, 921 (5th Cir. 2009). To establish a prima facie case of retaliation, he must show that (i) he engaged in a protected activity; (ii) an adverse employment action occurred; and (iii) a causal link exists between the protected activity and the adverse employment action. *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996). If the plaintiff establishes a prima facie case, then the defendant must "articulate a legitimate, nondiscriminatory [or nonretaliatory] reason for its decision," which the plaintiff can overcome only by showing that the proffered reason was not real, but merely a pretext for discrimination or retaliation. *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004).

In this case, there is no evidence in the record supporting any of Wilson's substantive allegations. Harris County, on the other hand, has provided five affidavits (Docs. 16-3 to -7), supported by documentary evidence, establishing the following facts: that Wilson was treated no differently than other Deputy Constables; that most of his chain of command, including the decisionmaker responsible for his termination, was African-American; that he was terminated for an act of insubordination that occurred on August 11, 2010; and that he did not file a formal, written complaint alleging racial profiling until *after* the incident of insubordination. Because this evidence is uncontroverted, there is no dispute of material fact, and Wilson's claims for discrimination and retaliation must fail as a matter of law.

### B.     *Deprivation of Constitutional Rights*

"[M]unicipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Wilson has failed to provide evidence, let alone

allegations, of any of these three elements. In fact, the only official policy or custom shown by the evidence in the record is that which led to Wilson's termination: Precinct 7's policy of maintaining a disciplined, cohesive law enforcement agency. There is zero evidence supporting Wilson's § 1983 claim; consequently, that claim cannot survive summary judgment.

## IV.    Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Defendant Harris County's Motion for Summary Judgment (Doc. 16) is **GRANTED** and Plaintiff Robert Wilson's case is **DISMISSED**.

SIGNED at Houston, Texas, this 24th day of August, 2013.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE